### In re GRIFFIN's ESTATE.

### In re ROSA.

*(Supreme Court, General Term, Second Department.   July 2, 1891.)*

WILLS—CONSTRUCTION—PROPERTY NOT DISPOSED OF.

Testatrix, after giving pecuniary legacies to various religious and charitable organizations, declared in her will: "In thus willing my property, I wish it to be understood that I dispose of it for religious and benevolent purposes, not as undervaluing my own relatives, for whom I entertain the kindest feelings, but, having received my property of the Lord, I feel it my duty to devote to the Lord that which, if divided among my numerous relatives, would be to each an inconsiderable sum." Afterwards testatrix, by codicil, gave a cousin $600, and the income of $2,000 for life, providing that the $2,000, at the death of the legatee, should "be disposed of in conformity with my said will." After the death of the cousin, and the payment of the various pecuniary legacies, the $2,000 remained for distribution. The will contained no residuary clause. *Held*, that the $2,000 was undisposed of by the will, there being no gift to the charitable society further than was specified in the will.

Appeal from surrogate's court, Dutchess county.

Proceeding for the judicial settlement of the account of Hiram B. Rosa, as executor of the will of Amelia Caroline Griffin, deceased. After payment of various legacies given by the will, there remained for distribution a fund of $2,000, the income of which for life had been given to Delia Van Wyck, a cousin of testatrix's, and other moneys, amounting in all to $2,288. The surrogate directed the distribution of such sum equally among certain religious and charitable organizations, which were legatees under the will. From the decision and decree of the surrogate the next of kin of testatrix appealed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*W. Farrington, E. S. Atwater*, and *Henry M. Taylor*, for appellants. *J. S. Van Cleef, H. D. Van Orden, Bangs, Stetson, Tracy & MacVeagh*, and *Wagner Swayne*, for respondents. *M. A. Fowler*, for the executor.

BARNARD, P. J. There is nothing in the will and codicil which deprives the next of kin of their right to distribution. The deceased in the year 1845 made her will. By it she gave $2,000 to the American Bible Society, $300 to the Domestic Mission of the Dutch Church, and $300 to the Foreign Mission of the same church. She gave $300 to the American Tract Society, and a deposit in a New York Savings Bank to a society for the Relief of Aged Indigent Females. There was a specific bequest of books to one person, and of her written number to another. There was no residuary clause, and the will contained this clause: "In thus willing my property, I wish it to be understood that I dispose of it for religious and benevolent purposes, not as undervaluing my own relatives, for whom I entertain the kindest feelings, but, having received my property of the Lord, I feel it my duty to devote to the Lord that which, if divided among my numerous relatives, would be to each an inconsiderable sum." In 1868 the deceased made a codicil. By it she gave to a cousin $600, and the income on $2,000 for the life of the cousin, and, "at her death, such principal sum shall be disposed of in conformity with my said will." The testatrix died in 1881. No savings bank deposit was ever found. The $2,000 was undisposed of by the will. There is no gift to the

charitable societies beyond that specified in the will.   There is nothing in the words expressing a motive for the will which enlarged the gifts to the societies named in the will.   An intention to give to charity is not enough.   There must be a beneficiary named, or the intent of the testatrix fails.   The decree of the surrogate should be reversed, and the proceedings remitted, to the end that distribution may be made to the next of kin, with costs to appellant out of the estate.   All concur.